# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JAMES WALTER SPROUSE, JR., #120093, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 0:04-22477-RBH-BM |
| v. | ) ) | |
| MARSHALL C. SANFORD, GOVERNOR OF SOUTH CAROLINA; JOHN OZMINT, DIRECTOR OF SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; AND ROBERT E. WARD, ACTING DIRECTOR OF OPERATIONS, | ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| DONNIE MCCLURE, #98948, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 0:04-22479-RBH-BM |
| v. | ) ) | |
| MARSHALL C. SANFORD, GOVERNOR OF SOUTH CAROLINA; JOHN OZMINT, DIRECTOR OF SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; AND ROBERT E. WARD, ACTING DIRECTOR OF OPERATIONS, | ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |

1



)
)
Defendants.  )
———————————————)

LAMANDSDA MCCLURE,           )
#291941,                     )
                             )
              Plaintiff,     )    Civil Action No. 0:04-22480-RBH-BM
                             )
v.                           )
                             )
MARSHALL C. SANFORD,         )    **REPORT AND RECOMMENDATION**
GOVERNOR OF SOUTH            )
CAROLINA; JOHN OZMINT,       )
DIRECTOR OF SOUTH            )
CAROLINA DEPARTMENT OF       )
CORRECTIONS; AND ROBERT      )
E. WARD, ACTING DIRECTOR     )
OF OPERATIONS,               )
                             )
                             )
              Defendants.    )
———————————————)


TERRY L. COLEMAN, #271048,   )
                             )
              Plaintiff,     )    Civil Action No. 0:04-22481-RBH-BM
                             )
v.                           )
                             )
MARSHALL C. SANFORD,         )
GOVERNOR OF SOUTH            )
CAROLINA; JOHN OZMINT,       )    **REPORT AND RECOMMENDATION**
DIRECTOR OF SOUTH            )
CAROLINA DEPARTMENT OF       )
CORRECTIONS; AND ROBERT      )
E. WARD, ACTING DIRECTOR     )
OF OPERATIONS,               )
                             )
                             )
              Defendants.    )

2



|  |  |
|---|---|
| RICHARD SIMS, #273381, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:04-22482-RBH-BM |
| ) | |
| v. ) | |
| ) | |
| MARSHALL C. SANFORD, ) | |
| GOVERNOR OF SOUTH ) | |
| CAROLINA; JOHN OZMINT, ) | |
| DIRECTOR OF SOUTH ) | |
| CAROLINA DEPARTMENT OF ) | **REPORT AND RECOMMENDATION** |
| CORRECTIONS; AND ROBERT ) | |
| E. WARD, ACTING DIRECTOR ) | |
| OF OPERATIONS, ) | |
| ) | |
| Defendants. ) | |

|  |  |
|---|---|
| ALAN CHRONISTER, #287815, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:04-22483-RBH-BM |
| ) | |
| v. ) | |
| ) | |
| MARSHALL C. SANFORD, ) | |
| GOVERNOR OF SOUTH ) | |
| CAROLINA; JOHN OZMINT, ) | |
| DIRECTOR OF SOUTH ) | **REPORT AND RECOMMENDATION** |
| CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS; AND ROBERT ) | |
| E. WARD, ACTING DIRECTOR ) | |
| OF OPERATIONS, ) | |
| ) | |
| Defendants. ) | |

RICHARD BEZELL, #269712, )

3



|                                      | )  |                                      |
|--------------------------------------|----|--------------------------------------|
|                           Plaintiff, | )  | Civil Action No. 0:04-22484-RBH-BM   |
|                                      | )  |                                      |
| v.                                   | )  |                                      |
|                                      | )  |                                      |
| MARSHALL C. SANFORD,                 | )  |                                      |
| GOVERNOR OF SOUTH                    | )  |                                      |
| CAROLINA; JOHN OZMINT,               | )  | **REPORT AND RECOMMENDATION**        |
| DIRECTOR OF SOUTH                    | )  |                                      |
| CAROLINA DEPARTMENT OF               | )  |                                      |
| CORRECTIONS; AND ROBERT              | )  |                                      |
| E. WARD, ACTING DIRECTOR             | )  |                                      |
| OF OPERATIONS,                       | )  |                                      |
|                          Defendants. | )  |                                      |
| _____ | )  |                                      |

 DEMETRIC COWAN, #299119,       )
                                )
                     Plaintiff, )    Civil Action No. 0:04-22485-RBH-BM
                                )
 v.                             )
                                )
 MARSHALL C. SANFORD,           )
 GOVERNOR OF SOUTH              )
 CAROLINA; JOHN OZMINT,         )    **REPORT AND RECOMMENDATION**
 DIRECTOR OF SOUTH              )
 CAROLINA DEPARTMENT OF         )
 CORRECTIONS; AND ROBERT        )
 E. WARD, ACTING DIRECTOR       )
 OF OPERATIONS,                 )
                                )
                                )
                    Defendants. )
 _____)


 TROY MOBLEY, #249231,          )
                                )
                     Plaintiff, )    Civil Action No. 0:04-22486-RBH-BM
                                )
 v.                             )
                                )
 MARSHALL C. SANFORD,           )



4

| | |
|---|---|
| GOVERNOR OF SOUTH ) <br> CAROLINA; JOHN OZMINT, ) <br> DIRECTOR OF SOUTH ) <br> CAROLINA DEPARTMENT OF ) <br> CORRECTIONS; AND ROBERT ) <br> E. WARD, ACTING DIRECTOR ) <br> OF OPERATIONS, ) <br> ) <br> ) <br>             Defendants. ) <br> _____) | **REPORT AND RECOMMENDATION** |

These are pro se civil rights cases filed by the Plaintiffs pursuant to 42 U.S.C. § 1983. Plaintiffs all challenge the manner by which payment of a two hundred and fifty ($250.00) dollar process fee required pursuant to S.C. Code Ann. § 23-3-600, et. seq. (The "DNA Database Act"), is deducted from their E.H. Cooper Trust Fund accounts. All of the Plaintiffs have named the same Defendants in their individual cases: Governor Mark Sanford, SCDC Director Jon Ozmint, and Robert E. Ward, Acting Director of the Division of Operations for the Department of Corrections.

The Defendants filed a motion for summary judgment in each of these cases on April 13, 2005. As the Plaintiffs are proceeding pro se, Roseboro orders were entered by the Court in each case, advising the Plaintiffs of the importance of a motion for summary judgment and of the necessity for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendants' motions may be granted, thereby ending their cases. Some of the Plaintiffs responded by filing their own motions for summary judgment, all on June 1, 2005.[1] The remaining Plaintiffs did not file any material in opposition to the Defendants' summary judgment motions.

---

[1] Plaintiffs who filed counter motions for summary judgment were Sprouse, Chronister, and Mobley.



Pursuant to an order filed November 4, 2005, all of these cases were statistically stayed pending resolution of the case of In re: DNA Ex Post Facto Issues, C/A No. 2:99-5555. The stay has now been lifted by order filed December 19, 2007, and these cases have been restored to the docket. The pending motions are now before the Court for disposition.[2]

**Background and Evidence**

Each Plaintiff alleges in their unverified Complaint[3] that, pursuant to S.C.Code Ann. § 23-3-620, inmates convicted of certain offenses are required to give DNA samples and are subjected to a two hundred and fifty ($250.00) dollar processing fee for this procedure. Plaintiffs allege that they are given three options for payment of this fee: they may choose to pay the full $250.00 upon admission to the Department of Corrections by authorizing a deduction from their Cooper Trust Fund by completing SCDC form 15-1 "Cooper Trust Fund Withdrawal"; they may have a non-incarcerated family member pay the full fee by money order; or they may have the money deducted from their inmate pay at a rate of 5% for inmates receiving more than $5.00 for the bi-weekly pay period. See Plaintiffs' Complaints, Attachment. However, Plaintiffs allege that the Defendant Ozmint has authorized the 10% debit of monies deposited in an inmate's E.H. Cooper Trust Fund for DNA fees owed, which, Plaintiffs contend, is illegal and in violation of the

---

[2]These cases were automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed motions for summary judgment, as have some of the Plaintiffs. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]Each Complaint is identical and each is unverified. In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, since the Plaintiffs have filed *unverified* Complaints, the undersigned has not considered the factual allegations set forth in the unverified Complaints as evidence in issuing a recommendation in these cases.

6



Fourteenth Amendment to the United States Constitution. See also Plaintiffs' Complaints, Attached Exhibit B. Plaintiffs seek injunctive relief prohibiting the deduction of any monies from Cooper Trust Fund accounts unless those monies constitute inmate pay, reinstatement of all money taken from inmate accounts pursuant to this method, and monetary damages.

In their motions for summary judgment, Defendants contend that the applicable state statute does not provide that garnishment of wages is the only means by which the processing fee may be paid, and that the Department of Corrections is not prohibited by state law from recovering the process fee from non-wages voluntarily deposited into an inmate's E.H. Cooper Trust Fund account with notice that such funds will be used to pay the processing fee.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387

7



(4th Cir. 1990).

After careful consideration of the arguments presented, the undersigned does not find that any Fourteenth Amendment due process violation has been established by the Plaintiffs, and that the Defendants are therefore entitled to summary judgment.  Defendants argue, <u>inter</u> <u>alia</u>, that Plaintiffs enjoy no property interest in funds deposited in their Cooper Trust Fund accounts, as no protected property right in these funds has been created by state law, citing to <u>Washlefske v. Winston</u>, 243 F.3d 179, 185-186 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 983 (2001).  However, even assuming for purposes of argument that Plaintiffs do have a property interest in these funds,[4] no due process violation has occurred by virtue of the cited policy.

The state statute at issue provides as follows:

> (A) A person who is required to provide a sample pursuant to this article must pay a two hundred and fifty dollar processing fee which may not be waived by the court. If the person is incarcerated, the fee must be paid before the person is paroled or released from confinement and may be garnished from wages the person earns while incarcerated. If the person is not sentenced to a term of confinement, payment of the fee must be a condition of the person's sentence and may be paid in installments if so ordered by the court.
>
> (B) The processing fee assessed pursuant to this section must be remitted to the general fund of the State and credited to the State Law Enforcement Division to offset the expenses SLED incurs in carrying out the provisions of this article.

<u>See</u> S.C.Code Ann. § 23-3-670.

While this statute does provide that the $250.00 processing fee "may be garnished from wages the person earns while incarcerated", it does not restrict payment of these fees to this process, nor does it prohibit the Department of Corrections from recovering the process fee from non-wages voluntarily deposited into inmates' trust accounts.

---

[4] *Cf.* <u>Burks v. Pate</u>, 119 Fed.Appx. 447, 450 (4th Cir. Jan. 5, 2005).

8



When this statute was first enacted, the Department initially adopted procedures whereby all funds in a prisoner's trust fund account in excess of the recognized indigency level were automatically deducted until the DNA data based processing fee was fully paid. The Department subsequently changed its procedures to automatically deduct the DNA data base processing fee from inmate wages only, with non-wage deposits not being subject to an automatic deduction. However, under that procedure, inmates who received funds from outside sources were not required to pay the fee while inmates participating in work programs were, so on September 13, 2004 the Department changed its procedures to deduct 10% of all non-wage deposits into a trust fund account until the DNA processing fee was paid in full.[5] The manner by which deductions were made from inmates' wages remained the same. All inmates were notified of the change in the deduction procedures prior to September 13, 2004 by posted notices in all institutions. See Sligh Affidavit. See also Defendants' Exhibit 1 [DNA Notice & Payment Procedures].

No due process violation is presented in these facts, or under the cited procedures. Plaintiffs have clearly been provided notice of the amount owed and the procedures by which the amount owed may be paid, including through deductions from an inmate's prison trust account. Significantly, the Department did not apply the new procedures for deducting funds to any funds previously deposited in an inmate's trust fund account prior to September 13, 2004. See Attachment to Plaintiffs' Complaints [Ward Memorandum dated August 17, 2004]. Plaintiffs are not entitled to a pre-deprivation hearing to challenge the deduction of any funds, as the Department has a compelling interest in maintaining an orderly assessment process and Plaintiffs may contest any

---

[5]Effective January 1, 2005, the amount of the deduction was changed from 10% to 5% for all non-wage deposits.

9



allegedly erroneous assessment through the prison grievance process.⁶ *Cf.* Allred v. Barton, No. 06-567, 2007 WL 1585004, at *3-4 (D.Utah May 30, 2007); see also Matthews v. Eldridge, 424 U.S. 319, 335 (1976); Elliott v. Simmons, 100 Fed.Appx. 777, 779 (10th Cir. 2004) [Prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account]; Thomas v. Hayes, No. 04-284, 2006 WL 2708267, at *7 (E.D.Tenn. September 19, 2006). Plaintiffs also have an adequate post-deprivation remedy for an alleged deprivation of property under South Carolina law. See S.C.Code Ann. § 15-69-10, et. seq.; *cf.* Jones v. Cathel, No. 05-3170, 2006 WL 756013, at *5 (D.N.J. March 17, 2006).

Finally, to the extent Plaintiffs are basing their claims on an alleged violation of, or failure of the Defendants to follow, their own policies and procedures with respect to the way these deductions are being handled, this assertion also fails to set forth a claim of a constitutional magnitude. The failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. See Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C. 1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]). See also Scott v. Hamidullah, C/A No. 3:05-3027-CMC-JRM, 2007 WL 904803 *5 n.6 (D.S.C. March 21, 2007) (citing Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing Riccio, 907 F.2d

---

⁶In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).



0:04-cv-22482-RBH     Date Filed 12/19/07    Entry Number 23     Page 11 of 12

at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue].  Therefore, any such claim is without merit.

## **Conclusion**

Based on the foregoing, it is recommended that the Plaintiffs' motions for summary judgment be **denied**, that Defendants' motions for summary judgment be **granted**, and that these cases be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

December  19,   2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

